UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEANNE L. SIGMUND and<br>ROBERT H. SIGMUND, | ) | Cause No: 4:26-cv-01251 |
| | ) | |
| Plaintiffs, | ) | Missouri Circuit Court for |
| | ) | St. Louis County |
| vs. | ) | Cause No. 26SL-CC04678 |
| | ) | |
| P-CORN ACQUISITIONS MISSOURI, LLC, | ) | |
| d/b/a RONNIE'S 20 CINE | ) | **<u>JURY TRIAL DEMANDED</u>** |
| | ) | |
| Defendant. | ) | |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. § 1441 et seq., Defendant P-Corn Acquisitions Missouri LLC, d/b/a Ronnie's 20 Cine, files its Notice of Removal of this lawsuit originally filed in the Missouri Circuit Court of St. Louis County, and in support of this Notice states:

1. This is a civil action over which this Court has original subject matter jurisdiction, pursuant to 28 U.S.C. § 1332, and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441 et seq.

2. Plaintiffs' Petition asserts personal injury claims and is a controversy between citizens of different states. (**See Plaintiff's Petition attached hereto as Exhibit A**).

3. Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship among the litigants, meaning no defendant holds citizenship in the same state where any plaintiff holds citizenship. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). "To determine whether diversity jurisdiction exists, the court must look to the parties' citizenship status at the time of the filing of the lawsuit." *Bell v. Townsend Corp. of Ind.*, 2025 WL

1

1693899 at *3 (E.D. Mo. June 17, 2025)(citing *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)). "To establish complete diversity of citizenship, a complaint (or notice of removal) must include factual allegations of each party's state of citizenship." *Hammond v. Patterson Auto Sales, Inc.*, 2014 WL 6463351 at *2 (E.D. Mo. Nov. 17, 2014).

4.     Factors considered by courts in determining citizenship for the purpose of diversity are where the person resides; where the person works; where the person votes; the States that issues the person's driver's license; where the person seeks medical treatment; where the person pays taxes; and what address the person lists as his address on various documents. *Salveson v. Miller*, 489 F. Supp. 2d 963, 966 (D.S.D. 2007)

5.     Plaintiff Deanne L. Sigmund is a citizen of the State of Missouri. She pleaded in her Petition with the Court that she is a resident of the State of Missouri (**see attached Exhibit A**). In 2025, she paid joint real property taxes with Robert Sigmund for a home that they own in St. Louis County using a Missouri address (**see 2025 Real Property Taxes, attached Exhibit B**). Plaintiffs have paid taxes on this residence since 2012 (**see 2012 Real Property Taxes, attached Exhibit C**). In 2025, she paid joint personal property taxes with Robert Sigmund in St. Louis County, Missouri (**see 2025 Personal Property Taxes, attached Exhibit D**). She is registered to vote in St. Louis County, Missouri (**see Voter Registration, attached Exhibit E**). In all of these documents, Plaintiff Deanne Sigmund uses a St. Louis, Missouri address (**See Exhibits B, C, D, and E**). After the injury alleged in her Petition, Plaintiff Deanne L. Sigmund sought medical care in Missouri. (**see Demand, attached Exhibit F (noting treatment in St. Louis County)**).

6.     Plaintiff Robert Sigmund is a citizen of the State of Missouri. In 2025, he paid real property taxes jointly with Deanne Sigmund in St. Louis County, Missouri and has since 2012. (**See Exhibits B and C**). Plaintiff Robert Sigmund also paid personal property taxes in St. Louis

County jointly with this wife in 2025.  (**See Exhibit D**).  In all of these documents, Plaintiff Robert Sigmund uses a St. Louis, Missouri address (**See Exhibits B, C and D**).

7.  Plaintiffs' Petition names P-Corn Acquisitions Missouri LLC d/b/a Marcus Ronnie's Cine as the Defendant in this action. (**Exhibit A**).

8.  For purposes of diversity jurisdiction, an LLC's citizenship "is the citizenship of its members." *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

9.  P-Corn Acquisitions Missouri LLC is the entity that operates the theatre located at 5320 South Lindbergh Boulevard, St. Louis, Missouri 63128. (**See Affidavit of Robert Bednarksi attached hereto as Exhibit G**). The sole member of P-Corn Acquisitions Missouri LLC is Marcus Cinemas of Minnesota & Illinois, LLC. (**Exhibit G**). The sole member of Marcus Cinemas of Minnesota & Illinois, LLC is Marcus Theatres, LLC. (**Exhibit G**) The sole member of Marcus Theatres, LLC is The Marcus Corporation. (**Exhibit G**).

10.  A corporation "shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

11.  The Marcus Corporation is incorporated in Wisconsin and has its principal place of business in the state of Wisconsin. (**Exhibit G**).

12.  The Marcus Corporation is a citizen of Wisconsin because it is incorporated and holds its principal place of business in Wisconsin.

13.  For purposes of diversity jurisdiction, Marcus Theatres, LLC assumes the same Wisconsin citizenship as The Marcus Corporation. *See GMAC v. Dillard*, 357 F.3d at 829.

14.  Therefore, Marcus Theatres, LLC is a citizen of Wisconsin.

3

15.     Similarly, Marcus Cinemas of Minnesota & Illinois, LLC assumes Marcus Theatres, LLC's Wisconsin citizenship because Marcus Theatres, LLC is Marcus Cinemas of Minnesota & Illinois, LLC's sole member. *See id.*

16.     Marcus Cinemas of Minnesota & Illinois, LLC is the sole member of P-Corn Acquisitions Missouri, LLC. *See id.*

17.     Accordingly, P-Corn Acquisitions Missouri, LLC assumes the same Wisconsin citizenship as Marcus Cinemas of Minnesota & Illinois, LLC. *See id.*

18.     Therefore P-Corn Acquisitions Missouri, LLC is a citizen of Wisconsin.

19.     Plaintiffs are citizens of a state that is different than P-Corn Acquisitions Missouri, LLC.  P-Corn Acquisitions Missouri, LLC is not a citizen of the forum state. Therefore, this action is between citizens of different states and jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332. *See also, Lincoln Property Co. v. Roche*, 546 U.S. 81, 82 (2005) (holding that defendant may remove an action on the basis of diversity if there is complete diversity between all named parties and no defendant is a citizen of the forum state).

20.     Federal Courts "shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states." 28 U.S.C. § 1332(a)(1).

21.     The party seeking removal and opposing remand has the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B); *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). The Court must look to the plaintiff's pleadings at the time of removal in determining whether removal was proper. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38, 59 S. Ct. 347, 83 L. Ed. 334 (1939). The basis for federal

jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987).

22.     "When a state court petition seeks an unspecified amount of damages, the court must make a factual inquiry into the amount in controversy. In doing so, the court can consider the plaintiff's settlement offers." *Branch v. Wheaton Van Lines, Inc.*, 2014 U.S. Dist. LEXIS 161081, 2014 WL 6461372, at *1-2 (E.D. Mo. Nov. 17, 2014).

23.     In January of 2026, Plaintiffs sent Defendant a demand letter outlining Plaintiff Deanne L. Sigmund's injuries allegedly stemming from the incident and offered $500,000 for full settlement of any claims. (**See a redacted version of Plaintiff's Demand attached hereto as Exhibit F**).

24.     In her January 2026 demand letter to Defendant, Plaintiff states that she has had surgery on her arm, has dealt with consistent pain, soreness, and limited range of motion (**Exhibit F**). She also itemizes her medical bills to date as follows:

| PROVIDER | AMOUNT |
|---|---|
| Mehville EMS | $1,104.00 |
| Mercy South Hospital | $35,062.36 |
| South County Anesthesia | $3,231.40 |
| West County Radiology | $174.50 |
| Signature Orthopedics & Therapy | $15,315.00 |
| **TOTAL:** | **$54,887.26** |

25.     Ultimately, Plaintiff demanded $500,000 in return for a full and final release of her claims against Defendant. (**Exhibit F**).

26.     Plaintiffs Petition filed with the State Court prays for an unspecified amount of damages. (**Exhibit A**) As such, the Court must make a factual inquiry into the amount in controversy and can consider Plaintiff's settlement demand of $500,000.00. Plaintiff further

alleges in her Petition that her injuries are serious, painful, permanent, and progressive in nature. (**Exhibit A**).

27.     Therefore, the amount in controversy exceeds the federal threshold of $75,000.

28.     Defendant was served with Plaintiff's Petition on July 7, 2026, therefore, removal is timely pursuant to 28 U.S.C. § 1446(b).

29.     This civil action is between citizens of the States of Wisconsin and Missouri and the amount in controversy exceeds $75,000. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

30.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441 and Local Rule 3-2.07 because this action was originally filed in St. Louis County, Missouri, which is included in this Court's judicial area.

31.     Attached as **Exhibit H** is a true and correct copy of all process, papers, exhibits, pleadings, and orders filed with the state court in this action.

32.     Attached as **Exhibit I** is the Eastern District of Missouri Cover Sheet.

33.     Attached as **Exhibit J** is the Original Filing Form.

WHEREFORE, Defendant P-Corn Acquisitions Missouri LLC, d/b/a Ronnie's 20 Cine prays that the above-captioned matter be removed from the Missouri Circuit Court of St. Louis County, to this Court and for such other and further relief as this Court may deem just and proper.

6

/s/ John R. McLeod
John R. McLeod #61031
BAKER STERCHI COWDEN & RICE, LLC
100 S. 4th Street, Suite 900
St. Louis, MO 63102
314-345-5000
314-345-5055 (fax)
jmcleod@bakersterchi.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by the Court's electronic filing system on this 6th day of August, 2026, on the counsel of record listed below.

Jamie L. Boock
John P. Guletz
Roman & Boock, LLC
8909 Ladue Road
St. Louis, MO 63124
jboock@boocklaw.com
jguletz@boocklaw.com
*Attorney for Plaintiff*

                                        */s/ John R. McLeod*

4909-1436-3076, v. 1

7